UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Tyrone Julius, )
)
Plaintiff, )
)
v. ) Civil Action No. **12 0943**
)
Aron S. Ward *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's five *pro se* complaints consolidated into this one civil action and his application to proceed *in forma pauperis.*[1] The Court will grant plaintiff's application and dismiss the complaints for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

Plaintiff, a District of Columbia resident, sues defendants located in the District of Columbia for $999 million in damages. The complaints, lacking any cogent facts, neither present

---

[1] The consolidated complaints are *Julius v. Ward, Julius v. Dr. Gash, Julius v. Mrs. Taler, Julius v. Dr. Eage,* and *Julius v. Garry Steel,* all of which were presented to the Clerk's Office between April 1 and April 10, 2012.



a federal question nor provide a basis for diversity jurisdiction. Even if a basis for federal court jurisdiction existed, the complaints' allegations "constitute the sort of patently insubstantial claims" that would deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009). A separate Order of dismissal accompanies this Memorandum Opinion.

DATE: June _____, 2012

Ellen S Huck
United States District Judge

2